IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAREN BLACKER,<br><br>Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING & COLLECTIONS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND<br><br>Case No. 1:16-cv-00158-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court are two motions: (1) defendant Bonneville Billing & Collections, Inc.'s (Bonneville) motion to dismiss the complaint, [Docket 26] and (2) plaintiff Karen Blacker's motion for leave to amend the complaint, [Docket 23]. The court GRANTS the motion to dismiss and DENIES the motion to amend.

**BACKGROUND**

Ms. Blacker sued Bonneville for violations of the Fair Debt Collection Practices Act. Bonneville made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. On February 10, 2017, Ms. Blacker accepted the offer of judgment. On that same day, she also moved to amend the complaint to add an additional defendant. On February 13, 2017, Bonneville filed a notice of Ms. Blacker's acceptance of the offer of judgment. On February 16, 2017, Ms. Blacker also filed a document styled as a Notice of Acceptance of Defendant's Rule 68 Offer of Judgment. Within the text of the notice, Ms. Blacker requested that judgment be entered against Bonnevile. Neither this court nor the clerk of court entered a judgment.

Bonneville then remitted a check for the full amount of the offer of judgment as well as a sum for attorney fees and costs that the parties had agreed upon. Ms. Blacker cashed the check. Bonneville subsequently filed a motion to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that because it had already paid the full amount owed under the offer of judgment the case was moot and the court no longer had jurisdiction over it. Ms. Blacker opposed the motion. She did not directly address the mootness argument raised by Bonneville. Instead, she points to Rule 68, which states: "[E]ither party may . . . file the offer [of judgment] and notice of acceptance, plus proof of service. The clerk must then enter judgment." Ms. Blacker argued that the clerk should enter judgment, and that she will then file a satisfaction of judgment.

**ANALYSIS**

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); accord *Walling v. Shenandoah-Dives Min. Co.*, 134 F.2d 395, 396–97 (10th Cir. 1943) ("When in the course of a trial the matter in controversy comes to an end, either by an act of one or both of the parties or by operation of law, the question becomes moot and the court is without further jurisdiction in the matter."). A case becomes moot when the plaintiff obtains "everything that i[t] could recover in [a] case by a judgment of [the] court in its favor." *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314 (1893). The Supreme Court has held, for example, that where a defendant deposited the full amount of the sums sued for with the plaintiff—including interest, penalties, and cost—the case was moot and the Court lacked jurisdiction to hear it. *Id.* at 313–14.

In this case, Bonneville has already paid everything that could be owed under a judgment entered by this court, including a sum for attorney fees and costs. Ms. Blacker cannot obtain anything from a judgment that she has not already received from Bonneville. This case, therefore, is now moot and the court no longer has jurisdiction to hear it. Bonneville's motion to dismiss under Rule 12(b)(1) is GRANTED. Ms. Blacker's action is DISMISSED WITHOUT PREJUDICE.[1]

Because the action has been dismissed, Ms. Blacker's motion to amend the complaint to add another defendant is now moot. Moreover, Ms. Blacker waited until she had accepted an offer of judgment to move to amend the complaint. Given that the issues in the complaint had been conclusively resolved by her acceptance of the offer of judgment, Ms. Blacker's motion to amend was untimely. The court rejects her attempt to graft new claims to a case that has been resolved.

## CONCLUSION

The court rules as follows:

(1) Bonneville's motion to dismiss under Rule 12(b)(1) [Docket 26] is GRANTED. Dismissal is WITHOUT PREJUDICE.

(2) Ms. Blacker's motion to amend [Docket 23] is DENIED AS MOOT.

DATED September 7, 2017.

---

[1] Bonneville requests that the action be dismissed with prejudice. But dismissal for lack of jurisdiction must be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge